Judgment and order reversed on the law and facts and in the interest of justice and a new trial granted, with costs to the appellant to abide the event. Memorandum: The defendant was permitted to testify, over objection, as to conversations between himself and plaintiff’s intestate from which it appeared that plaintiff’s intestate instigated and encouraged an automobile race which resulted in his death. This was highly prejudicial and clearly in violation of section 347 of the Civil Practice Act. Subsequently, the court reversed the former ruling, had the testimony reread and then instructed the jury to disregard it. Upon the record before us this was not sufficient to cure the harmful effect of the testimony. That could only be done by the declaration of a mistrial. Although no motion was made therefor, the Trial Justice should have so ordered of his own volition. All concur, except Kimball and Goldman, JJ., who dissent and vote for affirmance, in the following memorandum: Concededly it was error to permit the defendant to testify as to his conversations with the plaintiff’s intestate. The trial court recognized the error and thereupon struck out such testimony and clearly and unequivocally instructed the jury in regard thereto both then and again in the charge. We do not think the error, as corrected, was of such a prejudicial nature that the judgment should be reversed. The plaintiff was evidently satisfied with the manner in which the court proceeded since no motion was made for a mistrial. Furthermore, there was other competent evidence from which the jury was fully justified in finding that the *958 plaintiff’s intestate was as much a voluntary participant in the affair as was the defendant driver of the car. (Appeal from a judgment of Monroe Trial Term for defendant for no cause of action in an automobile negligence action.)
Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.